# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD RAMIREZ,                           No. CIV S-06-2167-LKK-CMK-P

    Petitioner,

  vs.                                              <u>ORDER</u>

ROSEANNE CAMPBELL, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's amended petition for a writ of habeas corpus (Doc. 2), filed on November 22, 2006.

        Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. In the instant case, petitioner's original petition failed to meet one or more of these requirements. Specifically, petitioner failed to set forth any grounds for relief, those portions of the original petition being left blank. In addition, the petition was not signed. Based on pages inserted among the pages of the form § 2254 petition provided by the court (which appear to be portions of briefs filed in the state courts), petitioner raises the following four claims:

1. The terms in counts 2, 3, 4, 5, 6, 8, 9, 10, 15, 16, 17, and 21 should have been stayed, pursuant to [California Penal Code] section 654;

2. The admission of evidence of petitioner's prior domestic violence pursuant to [California] Evidence Code section 1109 violated his federal constitutional rights to due process and equal protection, requiring reversal; petitioner's objection under [California] Evidence Code section 352 was sufficient to preserve the objection on appeal.

3. The prosecutor committed prejudicial misconduct; and

4. There was insufficient evidence to sustain petitioner's conviction of kidnaping in counts 9 and 22.

The portions of the form petition provided by the court asking petitioner to state each ground for relief are again blank. As with the original petition, the amended petition is also not signed.

Petitioner will be provided an opportunity to file an amended petition which satisfies Rule 2(c). Petitioner is warned that failure to comply with this order may result in the dismissal of this action. <u>See</u> Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition for writ of habeas corpus is dismissed with leave to amend;

2. Petitioner shall file an amended petition on the form employed by this court, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases, within 30 days of the date of this order; and

3. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: December 6, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE