1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD RAMIREZ,                           No. CIV S-06-2167-LKK-CMK-P

12               Petitioner,

13        vs.                                   FINDINGS AND RECOMMENDATIONS

14   ROSEANNE CAMPBELL, et al.,

15               Respondents.

16   _____/

17               Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.   On December 7, 2006, the court directed petitioner

19   to file an amended petition within 30 days.  Petitioner was warned that failure to comply could

20   result in dismissal of this action.  That order was served on petitioner's address of record and

21   returned by the postal service.  Petitioner has not filed an amended petition as directed, and it

22   now appears that petitioner has also failed to comply with Local Rule 83-182(f), which requires

23   that a party appearing pro se inform the court of any address change.

24   ///

25   ///

26   ///

                                                1

1    The court must weigh five factors before imposing the harsh sanction of

2 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13 1260-61 (9th Cir. 1992).

14    Having considered these factors, and in light of petitioner's failure to file an

15 amended petition and to keep the court apprised of his current address as required by local rules,

16 the court finds that dismissal of this action is appropriate.

17    Based on the foregoing, the undersigned recommends that this action be

18 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

19 orders.

20    These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

22 after being served with these findings and recommendations, any party may file written

23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

24 Findings and Recommendations."  Failure to file objections within the specified time may waive

25 / / /

26 / / /

1    the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2

3    DATED:   January 24, 2007.

4

5                                              CRAIG M. KELLISON

6                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26